# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| LORENZOE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:22-cv-158 |
| | ) | |
| BRANDON ROBINSON, BRIAN | ) | |
| GOULDY, FNU DAUGHERTY, FNU | ) | |
| RIDDLER, DENISE DURHAM, BRANDI | ) | |
| HUDSON, SGT. JOHNSON, and SGT. | ) | |
| GASCAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

In this pro se action for violation of 42 U.S.C. § 1983, Plaintiff alleges that Defendants used excessive force against him while he was a prisoner of the Tennessee Department of Correction ("TDOC") [Doc. 2; Doc. 14]. Now before the Court are Plaintiff's motion for extension of time to complete discovery [Doc. 62], motion for default judgment [Doc. 63], motion regarding discovery and to appoint counsel [Doc. 68], and motion to amend his complaint [Doc. 70].[1]  Also before the Court is Defendants' motion for protective order [Doc. 65]. The Court will address these motions in turn based on their substance.

## I.    DISCOVERY MOTIONS

First, in his unsigned motion for an extension of time to complete discovery, Plaintiff seeks an extra thirty days to receive Defendants' discovery responses [Doc. 62 p. 1]. Plaintiff also states that he has had trouble getting some of his discovery responses notarized, just sent Defendants

---

[1]  Plaintiff has also sent the Court letters addressing the issues in his motions [Docs. 75, 77]. As the issues in these letters are redundant to those in Plaintiff's motions, the Court will not address them separately. Also, Plaintiff is **NOTIFIED** that, in the future, the Court will not consider arguments or requests for relief he does not set forth in a motion.

some discovery requests and responses, and has legal documents he can only access through people outside the prison [*Id.*]. In his second, signed motion regarding discovery, Plaintiff claims that (1) Defendants have not answered the discovery he filed with the Court [*see* Doc. 64 p. 2–3]; (2) Defendants provided him with handheld footage of the excessive force incident in accordance with the Court's previous order but have not provided him with other discovery items the Court ordered them to produce; and (3) two of the three discs with footage of the incident Defendants provided him were blank [Doc. 68 p. 1–2]. Plaintiff makes similar arguments regarding discovery in his response in opposition to Defendants' motion for protective order [Doc. 69 p. 2].

Defendants did not file a response in opposition to Plaintiff's motion for extension of time to complete discovery. But Defendants filed a response to Plaintiff's second motion regarding discovery in which they (1) do not address Plaintiff's allegations that they have not responded to the discovery requests he filed with the Court and that two of the discs they provided him with incident footage were blank; (2) point out that, with regard to the Court ordering them to provide discovery [*see* Doc. 61 p. 1–3], they filed a notice stating that they had provided Plaintiff with the incident footage and would provide other responsive materials when their search for those materials was complete [*see* Doc. 66]; and (3) assert that they "remain unclear what additional information Plaintiff seeks in reference to directives or policies for use of force as Defendants have already produced all of the responsive TDOC policies relating to the use of taser devices" and do not believe any other responsive material exists regarding this issue [Doc. 73 p. 1–2].

Defendants also subsequently filed a notice regarding discovery in which they state they have now provided Plaintiff with all discovery the Court previously ordered them to provide [Doc. 76 p. 1]. But in a letter attached to this notice, Defendants state that they have not responded to

2

the requests for admission Plaintiff filed with the Court because they were untimely [Doc. 76-1 p. 1].

As Plaintiff failed to sign his motion for extension of time to complete discovery, it does not comply with Rule 11 of the Federal Rules of Civil Procedure, which requires that a party not represented by counsel personally sign every pleading, written motion, or other paper he files with the court. Accordingly, the Clerk is **DIRECTED** to send Plaintiff a copy of the motion [Doc. 62 p. 1]. Plaintiff shall have fifteen (15) days from the date of entry of this order to return a signed copy of the motion to the Court. If Plaintiff does not comply, the Clerk is **DIRECTED** to strike the motion [*Id.*] without further order of the Court, in accordance with Rule 11(a).

Nevertheless, based on the parties' signed filings and the apparent need for more time for completion of discovery in this case, Plaintiff's second, signed motion regarding discovery [Doc. 68] is **GRANTED in part** only to the extent that the parties shall have thirty (30) days from the date of entry of this order to complete discovery. Defendants are **NOTIFIED** that this ruling requires them to (1) ensure that Plaintiff has working copies of and/or the ability to view all discs containing footage that they have previously provided him; (2) provide Plaintiff with all discovery items the Court previously required Defendants to provide [Doc. 61 p. 3–4], to the extent that any additional material exists that they have not already provided to Plaintiff; and (3) respond to the discovery requests Plaintiff filed with his notice of filing his responses to discovery [Doc. 64 p. 2–3], within this thirty-day deadline. As such, Plaintiff's unsigned motion for an extension of time for discovery [Doc. 62] is **DENIED as moot**.

## II.    DEFAULT JUDGMENT

Plaintiff has filed a motion for default judgment based on Defendants' failure to respond to his discovery requests [Doc. 63]. Also, in his second, signed motion for discovery, Plaintiff

3

seeks default judgment due to Defendants' failure to fully respond to his discovery requests [Doc. 68 p. 1–2[2]]. He again refers to default judgment in his response to Defendants' motion for a protective order [Doc. 69 p. 2]. Defendants filed a response in opposition to Plaintiff's motion for default judgment [Doc. 67] and address Plaintiff's request for default judgment in their response to his second motion for discovery [Doc. 71 p. 3]. Plaintiff filed a reply to Defendants' response in opposition to his motion for default judgment [Doc. 72].

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," the Clerk must enter a default. Fed. R. Civ. P. 55(a). And it is only after the Clerk enters a default that the plaintiff may move the Court for entry of default judgment under Rule 55(b). Fed. R. Civ. P. 55(b).

Plaintiff did not comply with this two-step process by seeking the Clerk's entry of default prior to seeking default judgment. Thus, his requests for default judgment are improper. *See, e.g., Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012) (providing that "it was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk"). Moreover, even if Plaintiff had properly sought the Clerk's entry of default under Rule 55(a) prior to seeking a default judgment against Defendants, entry of a default judgment would not have been appropriate, as the record reflects that Defendants are actively defending this case, and default is disfavored in the federal system. *See United Coin Meter Co., Inc., v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (holding that "[j]udgment by

---

[2] In this motion, Plaintiff also refers to unspecified persons not receiving mail he sends and asks if the Court can do anything about this [Doc. 68 p. 1]. However, this allegation does not appear to have anything to do with this case, and this Court has no jurisdiction over Plaintiff's current custodians, who (1) are not Defendants herein and (2) are located in Kentucky. Thus, the Court will not otherwise address this allegation. Plaintiff also references the Court appointing him counsel [*Id.*], a request that the Court addresses below.

4

default is a drastic step which should be resorted to only in the most extreme cases and "[a]ny doubt should be resolved in favor of" a decision on the merits) (quoting *Rooks v. Am. Brass Co.*, 263 F.2d 166,169 (6th Cir. 1959)) (internal quotations and citations omitted).

Accordingly, Plaintiff's requests for default judgment [Doc. 63; Doc 68 p. 1–2; Doc. 69 p. 2] are **DENIED**.

## III.   COUNSEL

Additionally, in two of his filings, Plaintiff asks the Court to appoint him counsel, specifically requesting that the Court "consider helping [him] with some form of appointed counsel" because he is doing his best but "feel[s] as though this process is becoming more and more complex" [Doc. 63 p. 1; Doc. 68 p. 1].  In the alternative, Plaintiff requests a list of civil attorneys' names and addresses [Doc. 68 p. 1].  But the Court previously decided not to appoint Plaintiff counsel after considering the relevant factors [Doc. 56 p. 1–2], and Plaintiff's statement that he feels this process is becoming more difficult does not change that analysis.  Moreover, the Court does not keep a list of civil attorneys like the one that Plaintiff requests.

Accordingly, Plaintiff's requests regarding counsel [Doc. 68 p. 1] are **DENIED**.

## IV.   ADD DEFENDANTS

Plaintiff also filed a motion to amend his complaint [Doc. 70].  Plaintiff specifically asks to (1) add Officer Jones as a Defendant because he tried to block the camera during the assault; (2) add a due process claim against Defendant Robinson arising out of Plaintiff's placement on suicide watch without due process; (3) add Amber Swyner as a Defendant because, even though she knew he was not suicidal, she stated "on paper" that he was suicidal to have him placed on suicide watch; and (4) add Special Agent Mike Dunn as a Defendant based on the allegation that he lied under oath after watching the video footage [*Id.* at 1].  Plaintiff categorizes his allegations against

5

proposed Defendants Swyner and Dunn to assert claims for deliberate indifference and indicates that he did not know what role all individuals played until he reviewed the video footage [*Id.*].

Defendants oppose this request by stating that the proposed amendments (1) do not comply with this Court's Local Rule; (2) fail to state a cognizable § 1983 claim; and (3) will cause delay and prejudice unless the Court reopens discovery [Doc. 74 p. 2–5].

### A.      Standard

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to amend his complaint without leave of court or the opposing party's written consent within twenty-one (21) days after serving it, or within twenty-one (21) days after a responsive pleading has been served. Fed. R. Civ. P. 15(a)(1)-(2). Otherwise, a plaintiff must have the opposing party's written consent or leave of the court to amend his complaint, and courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

With regard to proposed complaint amendments, courts consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment that would not survive a motion to dismiss is futile, and district courts generally do not allow such amendments. *See Griffith v. Whitesell*, No. 3:08-0385, 2008 WL 3852415, *5 (M.D. Tenn. Aug. 14, 2008) ("The Court is not required to allow amendments that assert obviously frivolous claims or claims that could not withstand a motion to dismiss." (citing *Neighborhood Dev. Corp. v. Advisory Council on Hist. Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

Also, this Court's Local Rule 15.1 (1) requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading and (2)

6

provides that failure to do so is grounds to deny the motion. E.D. Tenn. LR 15.1 (providing in relevant part that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of Court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference. A failure to comply with this rule may be grounds for denial of the motion.").[3]

## B. Analysis

As the Court agrees with Defendants that (1) Plaintiff's motion to amend his complaint does not comply with the Court's Local Rule regarding amendment of pleadings, and (2) Plaintiff's proposed amendments are futile, the Court will deny Plaintiff leave to amend his complaint on these grounds.

### 1. Local Rule

First, as Defendants correctly point out in their response, Plaintiff's motion to amend his complaint to add Defendants and claims does not comply with the Court's Local Rule, which, as set forth above, requires a party seeking to amend a pleading to file a complete proposed amended pleading that does not incorporate any prior pleading by reference. E.D. Tenn. LR 15.1. This is grounds for the Court to deny Plaintiff's motion to amend his complaint. *Id.*

---

[3] The Court further notes that, while Defendants did not raise this issue, district courts apply state statutes of limitations to § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. Code Ann. § 28-3-104(a)(3). And the Sixth Circuit does not allow plaintiffs to add new defendants to a complaint after the statute of limitations has run. *Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that Rule 15(c) of the Federal Rules of Civil Procedure offers no remedy when the plaintiff "simply did not know whom to sue or opted not to find out within the limitations period"). As the incident that is the subject of Plaintiff's complaint occurred on February 3, 2022 [Doc. 2 p. 3], and Plaintiff did not file his motion to amend his complaint until August 6, 2023 [Doc. 70 p. 1], it appears that the statute of limitations also would make Plaintiff's proposed amendments to add new Defendants futile. But as Defendants did not raise this argument in opposition to Plaintiff's motion to amend his complaint, the Court does not rely on it at this time.

7

## 2. Failure to State a Claim

Additionally, as Defendants also correctly assert in their response, Plaintiff's proposed complaint amendments fail to state a claim upon which relief may be granted under § 1983. As such, they would not survive a motion to dismiss and are therefore futile.

To adequately state a claim for relief, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

First, Plaintiff's allegation that proposed Defendant Officer Jones tried to block the view of the camera does not allow the Court to plausibly infer that Officer Jones violated Plaintiff's constitutional rights in any way. No facts in Plaintiff's proposed amendment plausibly allege that this blocking was intentional or caused Plaintiff any harm.

Plaintiff's allegations that Defendant Robinson and proposed Defendant Nurse Swyner placed him on suicide watch after the incident at issue in his complaint even though they did not believe he was suicidal, which he alleges violated his right to due process and categorizes as deliberate indifference, fail to state a plausible § 1983 claim. Specifically, Plaintiff does not provide any facts from which the Court can plausibly infer that this placement implicated a liberty interest, such that it could have violated his due process rights. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (providing that "[t]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake[,]" and that prisoners do not have a

8

liberty interest "in avoiding transfer to more adverse conditions of confinement" (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).  And while Plaintiff also claims that this placement amounted to deliberate indifference, which appears to be a reference to his Eighth Amendment rights, he does not set forth any facts to support the Court finding that this placement subjected him to an extreme deprivation of a life necessity and therefore may have violated his rights under the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (providing that allegations of "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" support a cognizable conditions-of-confinement claim (citations and quotations omitted)).

Similarly, Plaintiff's allegation that Mike Dunn lied after watching a video of the incident, which he also categorizes as deliberate indifference, does not allow the Court to plausibly infer any violation of Plaintiff's constitutional rights.

Accordingly, Plaintiff's motion to amend his complaint [*Id.*] is **DENIED**.

## V.     PROTECTIVE ORDER

Defendants have also filed a motion asking that the Court enter a protective order that prevents Plaintiff from disseminating the video footage of the incident underlying his complaint to the public [Doc. 65; Doc. 65-1].  In support of this request, Defendants (1) rely on a Tennessee statute, specifically Tenn. Code Ann. § 10-7-504(m)(1), which protects certain government records from public disclosure; (2) assert that the protective order is necessary to protect the state's compelling interest in prison security because the relevant footage provides "sensitive and confidential information," such as "the geographical layout of the jail, the location of the cameras, [and] the view from the cameras . . . that could be used to exploit potential gaps in surveillance."; and (3) claim that Plaintiff has no legitimate interest in public dissemination of the video footage

9

[Doc. 65 p. 1–6]. With this motion, Defendants filed a ten-page proposed protective order [Doc. 65-1].

Plaintiff filed response in opposition to this motion asserting that (1) disclosure of the footage to the public would help ensure that future similar events do not occur; (2) the media often plays a role in these types of cases; and (3) the relevant footage exposes only the facts of his incident "nothing less nothing more" [Doc. 69 p. 1].[4]

Defendants filed a reply in which they assert that "both the handheld surveillance footage and Vicon security camera footage present security risks to the safety of the institution," as such footage can be "paused, studied, and dissected to find potential weaknesses which can then be exploited" [Doc. 72 p. 2]. Defendants also claim that the relevant footage shows Plaintiff being taken from one location in the prison to another in a manner that exposes the prison's layout [*Id.*].

First, Defendants' argument that a Tennessee statute "mandates" the Court's issuance of a protective order because the state statute prevents disclosure of such footage to the public [Doc. 65 p. 1–3] is misplaced. The state statutory provision upon which Defendants rely for this argument is part of Tennessee's Public Records Act ("TPRA"), which serves "a noble and worthwhile purpose by providing a tool to hold government officials and agencies accountable to the citizens of Tennessee through oversight in government activities" by creating a "presumption of openness for government records." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 864 (Tenn. 2016). But despite this presumption of openness, the statute sets forth "numerous statutory exceptions to disclosure" for certain records. *Id.* at 865. Defendants argue that because

---

[4] In another filing, Plaintiff indicates that Defendants' protective order motion is untimely because it was filed outside of the deadline for discovery [Doc. 68 p. 1]. However, as set forth above, the Court has now extended the discovery deadline by thirty days from the date of entry of this order, and the Court therefore does not address this argument.

the video footage falls under one of those exceptions to public disclosure, the Court must enter a protective order for that video footage [*Id.*].

But while the Court agrees with Defendants that the video footage at issue would not be subject to public disclosure under the TPRA, this is not a TPRA action. Instead, this is a federal action for relief under § 1983 governed by federal law. Thus, the relevant question before the Court is not whether the TPRA allows disclosure of the video footage to the public, but whether Defendants are entitled to a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. *Garton v. Crouch*, No. 3:21-CV-338, 2023 WL 2287637, at *3 (M.D. Tenn. Feb. 28, 2023) (noting that while Defendants argued that the TPRA provided good cause for the federal district court to enter a protective order, Rule 26(c) provided the applicable standard for the court's determination of whether entry of the protective order was appropriate). And while the fact that the TPRA bars public disclosure of the video footage is relevant to the Court's determination of whether to enter a protective order regarding that video footage, it is not determinative. *Dwayne B. v. Granholm*, No. CIV.A. 06-13548, 2007 WL 2372363, at *1 (E.D. Mich. Aug. 17, 2007) (stating that "the Federal Rules of Civil Procedure take precedence over state confidentiality statutes in defining the scope of discovery in federal cases," but also noting that a district court should also consider the "policy interests underlying a state statute . . . in determining the proper scope of discovery in a federal case").

Thus, the Court must now determine whether Defendants have demonstrated that the Court should enter a protective order based on Rule 26(c) of the Federal Rules of Civil Procedure, which allows a court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses. Fed. R. Civ. P. 26(c). The party seeking the protective order has the burden of showing good cause for its entry. *Nix v. Sword*, 11 F. App'x

11

498, 500 (6th Cir. 2001) (citation omitted). The movant may establish good cause by showing a "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted). Courts regularly limit disclosure of discovery due to concerns about the safety and security of correctional facilities. *Johnson v. Corecivic, Inc.*, No. 18-cv-01051-STA-tmp, 2019 WL 2158239, at \*2–3 (W.D. Tenn. April 3, 2019) (collecting cases).

While Defendants' allegations regarding the prison security risks that could result from public disclosure of the video footage underlying Plaintiff's complaint are fairly general and therefore almost certainly would not support sealing information already in the record,[5] the Court finds that they are sufficient to establish good cause for the requested protective order, as they indicate that public disclosure of the video footage could result in serious injury to prison security. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (pointing out the "stark difference" between motions for protective order and motions to seal court records, and noting that because "'secrecy'" is acceptable before the discovery material enters the judicial record, courts often enter "blanket" protective orders regarding disclosure of discovery materials). Thus, Defendants are entitled to entry of a protective order that prevents disclosure of the video footage of the incident underlying Plaintiff's complaint from public disclosure.

But in reviewing Defendants' proposed protective order to determine whether to enter it in this case [Doc. 65-1], the Court has noted several issues. First, the provisions of the proposed

---

[5] The Sixth Circuit has recognized a "'strong presumption in favor of openness'" of court records. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The party seeking to seal court records therefore bears a "heavy" burden of overcoming this presumption, and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

protective order governing who can access the "critical security information" to which that order would apply, including the definitions of "critical security information" and "critical persons," appear to exclude Plaintiff, a pro se litigant, from being a person able to access the protected information [*Id.* at 2, 3–4]. While this may be appropriate under certain circumstances, it seems potentially problematic and inapplicable in this case, as Plaintiff does not have counsel, and Defendants have not indicated that they have any discovery items that would be subject to the proposed protective order but that they would not disclose to Plaintiff. Additionally, Defendants' proposed protective order references an attachment that Defendants did not attach to the draft they filed with the Court [*Id.* at 4]. Moreover, the proposed protective order references the Local Rule of the United States District Court for the Middle District of Tennessee, rather than this Court's Local Rule, regarding the parties filing documents under seal [*Id.* at 9].

Accordingly, Defendants' motion for a protective order [Doc. 65] is **GRANTED in part** to the extent that the parties are **ORDERED** not to disclose any of the video footage related to the incident at issue in Plaintiff's case to any person who is not a party to or counsel to a party in this case pending further order of the Court, and Defendants are **DIRECTED** to file a new proposed protective order, preferably with Plaintiff's agreement thereto, within fifteen (15) days of entry of this order.

## VI. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to send Plaintiff a copy of his unsigned motion for extension of time to complete discovery [Doc. 62 p. 1]. Plaintiff shall have fifteen (15) days from the date of entry of this order to return a signed copy of this motion to the Court. If Plaintiff does not comply, the Clerk is **DIRECTED** to strike the motion [*Id.*] without further order of the Court in accordance with Rule 11(a);

2. Plaintiff's signed motion regarding discovery [Doc. 68] is **GRANTED in part** only to the extent that the parties shall have thirty (30) days from the date of entry of this order

13

to provide the opposing party with any discovery responses they have not yet provided. Defendants are **NOTIFIED** that this ruling requires them to (1) ensure that Plaintiff has working copies of and/or the ability to view all discs containing surveillance footage that they have previously provided him; (2) provide Plaintiff with all discovery items the Court previously required Defendants to provide [Doc. 61 p. 3–4], to the extent any additional material exists that they have not already provided Plaintiff; and (3) respond to the discovery requests Plaintiff filed with his notice of filing his responses to discovery [Doc. 64 p. 2–3], within this thirty-day deadline;

3. Plaintiff's unsigned motion for an extension of time for discovery [Doc. 62] is **DENIED as moot**;

4. Plaintiff's requests for default judgment [Doc. 63; Doc. 68 p. 1–2; Doc. 69 p. 2] are **DENIED**;

5. Plaintiff's requests regarding counsel [Doc. 68 p. 1] are **DENIED**;

6. Plaintiff's motion to amend his complaint [Doc. 70] is **DENIED**;

7. Defendants' motion for a protective order [Doc. 65] is **GRANTED in part** to the extent that the parties are **ORDERED** not to disclose any of the video footage related to the incident at issue in Plaintiff's case to any person who is not a party to or counsel to a party in this case pending further order of the Court, and Defendants are **DIRECTED** to file a new proposed protective order, preferably with Plaintiff's agreement thereto, within fifteen (15) days of entry of this order; and

8. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

14