| | |
|---|---|
| LORENZOE WILSON,               ) | |
|                                 ) | |
|       Plaintiff,            ) | |
|                                 ) | |
| v.                                 ) | No.    3:22-cv-158 |
|                                 ) | |
| BRANDON ROBINSON, BRIAN   ) | |
| GOULDY, FNU DAUGHERTY, FNU  ) | |
| RIDDLER, DENISE DURHAM, BRANDI  ) | |
| HUDSON, SGT. JOHNSON, and SGT.  ) | |
| GASCAN,                        ) | |
|                                 ) | |
|       Defendants.        ) | |

## <u>MEMORANDUM & ORDER</u>

This pro se prisoner's action for violation of 42 U.S.C. § 1983 arises out of Plaintiff's allegation that Defendants used excessive force against him[1] while he was a prisoner of the Tennessee Department of Correction ("TDOC") housed in the Morgan County Correctional Complex ("MCCX") [Doc. 2; Doc. 14]. Now before the Court are Defendants' motion for summary judgment [Doc. 80], Defendants' motion for leave to file video footage of the incident underlying Plaintiff's complaint under seal [Doc. 83], and Plaintiff's motion for extension of time to complete discovery and to change venue [Doc. 87]. For the reasons set forth below, Defendants' motion for leave to file the video footage under seal [Doc. 83] will be **DENIED**, Plaintiff's motion for extension of time to complete discovery and change venue [Doc. 87] will be **DENIED**, and

---

[1] In his complaint, Plaintiff also makes a conclusory assertion that he was wrongfully charged and therefore requests to be released [Doc. 2 p. 6]. However, However, Plaintiff cannot attack the validity of his confinement in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). Accordingly, the Court will not address this conclusory allegation and request for release in this action.

Defendants' motion for summary judgment [Doc. 80] will be **GRANTED** due to Plaintiff's failure to exhaust his administrative remedies.

I.  **MOTION TO SEAL**

As set forth above, Defendants have filed a motion to seal the video footage of the excessive force incident underlying Plaintiff's complaint [Doc. 83], which they filed in support of their motion for summary judgment [*Id.*; Doc. 84]. In support of this request, Defendants refer to this video as security footage of the inside of the MCCX and rely on Tenn. Code Ann. § 10-7-504, which protects certain government records from public disclosure [*Id.* at 2].

Notably, in the discovery phase of this litigation, Defendants filed a motion for a protective order regarding this video footage in which they also relied on Tenn. Code Ann § 10-7-504, as well as general arguments regarding security concerns and statements that Plaintiff had no "legitimate interest" in public disclosure of the video [Doc. 65]. The Court granted this motion and entered a protective order preventing disclosure of the video footage to anyone who is not a party to or counsel to a party in this case pending further order of the Court [Doc. 78 p. 9–13].

However, in granting this motion, the Court determined that Tenn. Code Ann. § 10-7-504, does not govern this action [*Id.* at 10–11 (stating that while Tenn. Code Ann. § 10-7-504 was relevant to the Court's determination of whether to enter a protective order, it was not determinative, as "the relevant question before the Court [wa]s not whether the [Tennessee Public Records Act ("TPRA")] allows disclosure of the video footage to the public, but whether Defendants are entitled to a protective order under Rule 26(c) of the Federal Rules of Civil Procedure." (citing *Garton v. Crouch*, No. 3:21-CV-338, 2023 WL 2287637, at *3 (M.D. Tenn. Feb. 28, 2023) (noting that while Defendants argued that the TPRA provided good cause for the federal district court to enter a protective order, Rule 26(c) provided the applicable standard for

the court's determination of whether entry of the protective order was appropriate))]. The Court's order also specifically provided that while Defendants' arguments in support of their request for a protective order were sufficient for the Court to grant that request, they "almost certainly would not support sealing information already in the record" [*Id.* at 12 (citing *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (pointing out the "stark difference" between motions for protective order and motions to seal court records, and noting that because "'secrecy'" is acceptable before the discovery material enters the judicial record, courts often enter "blanket" protective orders regarding disclosure of discovery materials)].

With all of this in mind, the Court finds that Defendants have not met their burden to demonstrate that the Court should seal the video footage of the February 3, 2022, excessive force incident underlying Plaintiff's complaint. Specifically, as the Court noted in its previous order, the Sixth Circuit has recognized a "'strong presumption in favor of openness'" of court records. *Shane Grp. Inc.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). The party seeking to seal court records therefore bears a "heavy" burden of overcoming this presumption, and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* at 305 (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Compelling reasons for sealing include "certain privacy rights of participants or third parties, trade secrets, and national security." *Brown*, 710 F.2d at 1179. The party seeking to seal the records must show that it will suffer a "clearly defined and serious injury" if the judicial records are not sealed. *Shane Grp. Inc.*, 825 F.3d at 307.

In support of their motion to seal this video footage, Defendants state only that this video "contains . . . security footage depicting the inside [of] a Tennessee prison" and that it is therefore "'surveillance footage' [that] is statutorily confidential pursuant to Tenn. Code Ann. § 10-7-

3

504(a)(8) and (m)(1) . . . ." [Doc. 83 p. 2]. However, Tenn. Code Ann § 10-7-504 does not govern the Court's decisions regarding whether to seal this video footage for the same reasons it did not govern the Court's decision regarding entry of the protective order. And Defendants do not set forth specific facts suggesting they will suffer any injury if the video footage is not sealed or present any other compelling grounds to seal the video footage. As such, Defendants' motion to seal [Doc. 83] is **DENIED**.

As the Court will not seal the video footage, that video footage will be accessible to the public. Accordingly, the Court will not enter Defendants' amended proposed protective order [Doc. 86-1]. Also, the Court **ORDERS** that the parties are no longer prevented from disclosing the video footage at issue to any individual who is not a party or counsel to a party in this action, as the Court had stated in its previous order [Doc. 78 p. 13].

### II. MOTION TO CHANGE VENUE AND FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiff has filed a motion to change the venue of this action and to extend the deadline for discovery in this case [Doc. 87]. The Court will address these requests in turn. For the reasons set forth below, this motion [*Id.*] is **DENIED**.

#### A. Venue

Plaintiff seeks a change of venue for three separate reasons, which the Court summarizes as follows: (1) Plaintiff "feel[s] there's a conflict of interest" because Defendants are from this District, and he therefore does not feel that he will have "a fair chance at a trial" [Doc. 87 p. 1]; (2) "[s]everal people have fil[]ed claims against the Morgan County Complex and all have been swept under the rug" [*Id.*]; and (3) Plaintiff has asked for appointment of counsel but the Court denied those requests, which he feels is unfair and amounts to the Court "taking advantage of [his] lack of knowledge of law," as Defendants have counsel [*Id.* at 2]. Defendants filed a response

4

opposing this request [Doc. 88]. Plaintiff filed a reply reiterating the arguments from his motion, raising additional general allegations of unfairness and racism, and speculating that the Court may dismiss his case and/or order that he be physically harmed, among other things [Doc. 89].

Under 28 U.S.C. § 1404(a), this Court may transfer this action to another district where the action "might have been brought," or to which all parties consent, "[f]or the convenience of parties and witnesses." Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought.

Plaintiff has not shown that the Court should transfer this action under § 1404(a). First, as Defendants oppose Plaintiff's request for a change of venue [Doc. 88 p. 3–4], it is apparent that the parties do not consent to transfer of this action. Also, Plaintiff has not demonstrated that this action, in which he challenges actions that occurred in MCCX, which is located within this District, "might have been brought" anywhere else. Moreover, Plaintiff has not demonstrated that transfer of this action to a different venue would be more convenient to any parties or witnesses. Accordingly, Plaintiff's request to change the venue of this action [Doc. 87 p. 1–2] is **DENIED**.

Additionally, to the extent that Plaintiff's request for a change in venue can be liberally construed to seek recusal of the undersigned, this request is without merit. Section 455 of Title 28 of the United States Code provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," or "[w]here he has a personal bias or prejudice concerning a party, or personal

knowledge of disputed evidentiary facts concerning the proceeding[.]" The Sixth Circuit instructs that "[p]rejudice or bias in this context means a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it rests upon knowledge that the subject ought not possess . . . , or because it is excessive in degree. . . ." *Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016). "[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). But "[a]dverse rulings against a party do not in themselves provide a basis for disqualification." *United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Plaintiff has presented no grounds for the Court to recuse itself from presiding over this lawsuit. Plaintiff's disagreement with the Court's rulings on his motions to appoint counsel and/or other rulings from this District in other matters are not reasons for the Court to recuse itself. And none of the issues Plaintiff raises in his motion or reply would cause a reasonable person to doubt the impartiality of the Court. Accordingly, to the extent that Plaintiff seeks recusal of this Court, that request is **DENIED**.

    **B.**    **Discovery**

Plaintiff also requests an extension of the discovery deadline and states that Defendants refused to respond to his requests for admissions and other discovery requests because they were untimely [Doc. 87 p. 1]. Defendants filed a response in which they oppose this request, categorize the request as moot considering the Court's previous order requiring them to respond to Plaintiff's requests for admissions and other discovery requests, and state that they have now resolved all outstanding discovery issues [Doc. 88 p. 2]. In his reply, Plaintiff indicates that Defendants sent

6

blank video footage to him repeatedly and states that the Court has not addressed this [Doc. 89 p. 1] but does not otherwise address discovery [*Id.* at 1–2].

First, as Plaintiff's motion that includes his request for extension of the discovery deadline does not address the Court's previous order that extended the discovery deadline and attempted to resolve all discovery issues that the parties had brought to the Court's attention [Doc. 78 p. 1–3], it appears that Plaintiff may not have received that order at the time he filed the motion containing this discovery extension request. And while Plaintiff claims in his reply that Defendants repeatedly sent him blank video footage of the incident underlying his complaint, but the Court has not resolved this issue, he does not indicate that he has not received working video of the incident, which the Court ordered Defendants to provide him in its previous order [*Id*. at 3].

Moreover, Plaintiff does not claim in his motion or his reply that he cannot respond to Defendants' motion for summary judgment, which Defendants filed before he filed his motion for extension of the discovery extension deadline, without further discovery from Defendants. *See* Fed. R. Civ. P. 56(d).

Accordingly, Plaintiff's request for additional time for discovery is **DENIED**.

### III. SUMMARY JUDGMENT

Defendants have filed a motion for summary judgment on the grounds that (1) Plaintiff did not exhaust his available administrative remedies prior to filing this action, and (2) the evidence establishes that they did not use excessive force against Plaintiff [Doc. 80]. In support of this motion, they filed a memorandum and a statement of undisputed facts, as well as various exhibits [Docs. 81, 82, 84]. Plaintiff did not file a response to Defendants' summary judgment motion, and his time for doing so has passed. E.D. Tenn. L.R. 7.1(a). As such, Plaintiff waived any opposition to this dispositive motion. E.D. Tenn. LR 7.2.

Defendants have set forth undisputed proof that Plaintiff did not exhaust his administrative remedies prior to filing this action. Thus, Defendants' motion for summary judgment [Doc. 80] will be **GRANTED** on this ground, the Court will not reach Defendants' argument that they did not violate Plaintiff's Eighth Amendment rights, and this action will be **DISMISSED**.

### A. Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). As such, the moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). Accordingly, a defendant seeking summary judgment on the issue of Prison Litigation Reform Act ("PLRA") exhaustion has the burden to prove that the prisoner plaintiff did not exhaust his administrative remedies. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012).

To successfully oppose a motion for summary judgment, "the non-moving party . . . must present sufficient evidence from which a jury could reasonably find for him." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010). When "a party . . . fails to properly address another party's assertion of fact," a court can consider the fact undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

A district court cannot grant summary judgment because the adverse party did not respond but instead must, at a minimum, ensure the movant has met its burden. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). In doing so, the court "must not overlook the possibility

8

of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992).

### B. Plaintiff's Proof

Plaintiff filed his complaint[2] while he was confined in the Crittendon County Jail on April 26, 2022, which is approximately two months after the excessive force incident at issue in his complaint occurred on February 3, 2022 [Doc. 2 p. 2, 3, 6]. In the portion of his complaint related to his exhaustion of his available administrative remedies, Plaintiff indicates that his place of current confinement does not have a grievance procedure [*Id.* at 2]. Plaintiff then checks both the "yes" and "no" boxes in response to the question asking whether he filed a grievance before stating that he did file a grievance, but the grievance process "is not credible," "they throw [the grievances] away," and "they moved [him] Feb. 14 to another facility" [*Id.*]. Also, in the substantive portion of his complaint, Plaintiff states that he was placed on suicide watch immediately after the excessive force incident on February 3, 2022, and that on February 14, 2022, he was transferred to DeBerry Special Needs Facility while still on suicide watch, even though he was not suicidal [*Id.* at 3–5].

### C. Defendants' Proof

In support of their motions for summary judgment, Defendants present undisputed sworn proof[3] that (1) Plaintiff's TDOC grievance file does not contain a grievance about the excessive force incident on February 3, 2022; (2) Plaintiff could not have filed a grievance about the February

---

[2] The Court considers Plaintiff's sworn complaint as an affidavit in examining the motion for summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) (providing a sworn complaint "carries the same weight" as an affidavit for purposes of summary judgment).

[3] As Plaintiff did not file a response in opposition to Defendants' summary judgment filings, the Court considers the factual allegations in Defendants' statement of undisputed facts [Doc. 82] undisputed for purposes of summary judgment. Fed. R. Civ. P. 56(e)(2).

9

3, 2022, excessive force incident while he was on suicide watch at the MCCX but could have filed such a grievance after he left the MCCX at a new facility, at which point the new facility would have forwarded that grievance to MCCX; and (3) the MCCX did not receive a grievance from Plaintiff about the February 3, 2022, excessive force incident from any other facility [Doc. 82 p. 70–71].

### D. Analysis

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute requires "proper exhaustion" of administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

To properly exhaust his claims, a prisoner must utilize every step of the prison's procedure for resolving the grievance and follow the "'critical procedural rules'" in a manner that allows prisoner officials to review and, where necessary, correct the issues set forth in the grievance "'on the merits.'" *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford*, 548 U.S. at 81, 95)). "There is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

As Plaintiff states in his complaint that the facility where he was confined when he filed the complaint did not have a grievance procedure but also states that he filed a grievance regarding the incident underlying his complaint, it appears that Plaintiff alleges that he filed a grievance about the incident underlying his complaint while he was in TDOC custody and/or the custody of a different facility with a grievance procedure. Regardless, Defendants have met their burden to

10

show the absence of any genuine material fact regarding Plaintiff's failure to properly exhaust his administrative remedies.

Specifically, as set forth above, reading the parties' sworn filings as a whole, it is apparent that Plaintiff could not have filed a grievance about the February 3, 2022, excessive force incident while he was still incarcerated at the MCCX due to his immediate placement in suicide watch without access to writing materials after that incident and the fact that, on February 14, 2022, Plaintiff was transferred to DeBerry Special Needs facility while he was still on suicide watch [Doc. 2 p. 4–5; Doc. 82 p. 70–71]. But Defendants have presented undisputed proof that if Plaintiff had filed a grievance regarding the February 3, 2022, excessive force incident at an institution where he was incarcerated after he left the MCCX and prior to filing his complaint, as the PLRA required him to do, that institution would have forwarded the grievance to the MCCX. However, the MCCX did not receive any grievance from Plaintiff regarding the February 3, 2022, excessive force incident. In the face of this undisputed evidence, Plaintiff's conclusory assertion in his complaint that he "filed a grievance" fails to create a genuine issue of material fact on this issue, as Plaintiff does not support this statement with any detailed proof of how or when he filed this grievance. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (providing that "conclusory allegations . . . and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment" (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Moreover, Plaintiff's general assertions in his complaint that the unspecified grievance procedure he utilized to file a grievance regarding the February 3, 2022, excessive force incident is "not credible" and "they throw [the grievances] away" are not sufficient to create a genuine issue of material fact regarding his exhaustion of his available administrative remedies. Specifically,

11

Plaintiff does not indicate he has personal knowledge that anyone threw away his grievance or that any person threw away other prisoners' grievances. And statements outside of Plaintiff's personal knowledge do not create a genuine issue of material fact that would preclude summary judgment. *Ondo v. City of Cleveland*, 795 F.3d 597, 604–05 (6th Cir. 2015) (citations omitted). Further, Plaintiff's subjective belief that the grievance process was "not credible" does not excuse any failure by him to properly utilize it. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (holding that "exhaustion is required even if the prisoner subjectively believes the remedy is not available . . . ; even when the state cannot grant the particular relief requested . . . ; and even where [the prisoners] believe the procedure to be ineffectual or futile . . . ." (citations omitted)).

Accordingly, Defendants are entitled to summary judgment on Plaintiff's claims.

## IV. CONCLUSION

For the reasons set forth above:

1. Defendants' motion to seal [Doc. 83] is **DENIED**.

2. The Court **ORDERS** that the parties are no longer prevented from disclosing the video footage at issue pursuant to the Court's previous order [Doc. 78 p. 13];

3. Plaintiff's motion to change the venue of this action and to extend the deadline for discovery [Doc. 87] is **DENIED**;

4. Defendants' motion for summary judgment [Doc. 80] will be **GRANTED**;

5. This action will be **DISMISSED**; and

6. The Court **CERTIFIES** that any appeal from this decision would not be taken in good faith. As such, this Court will **DENY** Plaintiff leave to proceed *in forma pauperis* on any subsequent appeal.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**